| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------X<br>UNITED STATES OF AMERICA,<br><br>       v.<br><br><br><br>VINCENT BASCIANO,<br><br>                Defendant.<br>-------------------------------------------------------X | **MEMORANDUM AND ORDER**<br><br>03-CR-929 (NGG)<br>05-CR-060 (NGG) |

NICHOLAS G. GARAUFIS, United States District Judge.

In a November 4, 2007 letter to the court, Defendant Vincent Basciano ("Basciano" or "Defendant") requested the court to "so order" a subpoena to Putnam County Correctional Facility ("PCCF") for documents related to cooperating witness Dominick Cicale's ("Cicale") incarceration there. (Docket Entry # 346, 05-CR-060.) On November 13, 2007, the Government notified the court by letter of its opposition to the request. (Docket Entry # 355, 05-CR-060.) Basciano submitted a Memorandum in Support of his request on November 19, 2007 (Docket Entry # 359, 05-CR-060), the Government filed its response on December 16, 2007 (Docket Entry # 377, 05-CR-060), and Basciano submitted a final reply on December 18, 2007 (Docket Entry # 378, 05-CR-060).

In his final reply brief, based upon certain representations by the Government, Basciano amended his application to a request for an Order directing discovery of certain documents and information pursuant to Fed. R. Crim. P. 16(a)(1)(E) ("Rule 16(a)(1)(E)"). (<u>Id.</u> at 1.) As to additional materials that were part of the original subpoena request, "to the extent that [they] are not in the possession, control or custody of the government," Basciano withdrew his Fed. R.

Crim. P. 17(c) ("Rule 17(c)") subpoena request, but reserved the right to renew the application. (Id.) Thus, this Memorandum and Order ("M&O") treats Defendant's motion as a request for an Order pursuant to Rule 16(a)(1)(E) rather than as a request for a Rule 17(c) subpoena. In addition, this M&O addresses Defendant's letter to the court dated February 6, 2008. (Docket Entry # 1042, 03-CR-929 ("Feb. 6 Ltr.").)

For the reasons set forth below, Defendant's request for an Order pursuant to Rule 16(a)(1)(E) is DENIED without prejudice. Additionally, Defendant's February 6, 2008 request for a status conference is DENIED.

**I.    Motion for a Rule 17(c) Subpoena**

   A.    Background

Basciano initially requested a subpoena under case number 05-CR-060 directing PCCF to produce "[a]ny and all documents, including but not limited to, files, recorded phone calls, visiting logs and reports concerning inmate Dominick Peter Cicale during his detention at Putnam County, including but not limited to, allegations that he was the subject of a murder plot attempt at the institution." (Defense Counsel's November 4, 2007 letter to the court, Attached Proposed Subpoena.) Basciano argued that a "so ordered subpoena is necessary" to effectively investigate "Cicale's penchant for repeatedly being the putative victim of successive murder plots in prison." (Id.)

The Government responded that the "overbroad, sweeping request for all documents and recordings relating to Cicale's imprisonment" sought materials that "fall outside the ambit of Rule 17(c)" and that the subpoena did not satisfy the requirements set forth in United States v. Nixon, 418 U.S. 683, 699-700 (1974). (Government's November 13, 2007 letter to the court at

1-6.) The Government contended that the information Basciano sought, namely reports containing witness statements, is governed by 18 U.S.C. §3500 (the "Jencks Act"), which does not require production of such material until the witness has testified. (Id. at 2, 4-6.)

In an effort to address some of the Government's concerns, Basciano submitted a revised proposed subpoena under case numbers 05-CR-060 and 03-CR-929 requesting "[a]ny and all documents, including disciplinary and other inmate records, memoranda of investigation, internal correspondence with prosecuting or investigative agencies, visiting records and tape recordings of telephone or other conversations pertaining to Dominick Peter Cicale, inmate number 29039-004, while at the institution." (Memorandum in Support of Defendant's Application for Rule 17(c) Subpoena, Attached Proposed Subpoena.) Basciano stated that the Government introduced, in its direct examination of Cicale at the 03-CR-929 retrial, Cicale's testimony that another inmate had tried to kill him at PCCF. Defense counsel objected to this line of questioning and explained at a sidebar conference that he had not intended to impeach Cicale based on a prison disciplinary infraction Cicale had received for beating up another inmate. (Id. at 1-2.) The Government then dropped the line of questioning and asked Cicale "to your knowledge did the defendant have anything to do with" the attempt on Cicale's life, to which Cicale responded, "no, . . . Vinny Basciano had nothing to do with it." (Id. at 2 (quoting Trial Transcript at 1277).)

In Basciano's view, two "unfair consequences" resulted from the exchange: (1) the jury was not told that in purportedly defending his life, Cicale "pummeled" the other inmate and was subjected to prison discipline for assault, and (2) the Government used the in-prison murder attempt on Cicale to state in its summation that cooperating witnesses like Cicale are "essentially

unimpeachable" because they put their lives at risk for cooperating. (Id. at 2-3.) As a result, Basciano argued, the requested documents are relevant to "testing the government's circumscribed Giglio disclosure at the '03 retrial." (Id. at 3.)

In its reply, the Government stated that it produced as part of Cicale's 18 U.S.C. § 3500 material ("3500 material") for Basciano's earlier trial an "exhibit" regarding the PCCF prison infraction, which included: (1) the PCCF Disciplinary Board Findings and Final Decision documenting the disciplinary charges to which Cicale pleaded and his corresponding punishment, (2) an attached synopsis of the fight between Cicale and another inmate written by a prison guard, and (3) a PCCF Statement of Confinement documenting the disciplinary infraction with which Cicale was being charged. (Memorandum of Law In Opposition to Defendant Vincent Basciano's Application for a Rule 17(c) Subpoena at 2.)

The Government also offered excerpts from the transcript of the above-referenced sidebar conference showing that defense counsel had received discovery material detailing the assault and resulting discipline and had received information that the government knew of a witness who supported Cicale's contention that he was attacked without provocation. (Id. at 3.) In addition, the transcript showed that AUSA John Buretta had asked defense counsel "several times" if he planned to inquire on the subject but had been told that counsel had not decided. (Id. at 3-4.) The Government also asserted that during its rebuttal, it brought up the danger faced by cooperating witnesses in response to Defendant's assertion that the cooperating witnesses were fabricating their testimony to get a "free pass." (Id. at 5-6.) Finally, the Government stated that PCCF officials have represented that they have provided the Government with "all documents which exist with respect to Cicale's disciplinary infraction." (Id. at 9.)

4

As noted above, upon the Government's representation that it already has in its possession all documents relating to Cicale's PCCF infraction, Basciano has withdrawn his Rule 17(c) subpoena request. He now requests an Order that the Government provide "all documents in its possession relating to Cicale's misconduct at Putnam Correctional Facility" including any documents previously provided in the '03 case, identified as GX 3500-DXC-57, any documents relating to the incident not previously disclosed to the defense, and any documents substantiating the prosecutor's claim that a witness "backed up" Cicale's statement that he was attacked. (Defendant's Reply Memorandum in Support of Application for Rule 17(c) Subpoena at 1, 4-5.)

Basciano argues that the material requested falls within Rule 16 rather than the Jencks Act, and thus the court has the "inherent authority" to order disclosure at any point prior to trial. (Id. at 3.) In Basciano's view, because this is a capital case, "[i]t is difficult to imagine a case where it would [be] more appropriate for the Court to exercise its discretion in favor of disclosure at the earliest possible time for the defendant to make effective use of the information in preparation of his defense." (Id.) Furthermore, Basciano argues that the information has been specifically identified by the Government, part of it was provided to the defense during the trial in case number 03-CR-939 as part of Cicale's 3500 material, the information is necessary for trial preparation, there would be no fishing expedition into the Government's files, there would be no threat to Cicale by the disclosure, and the Government has not identified any legitimate interest in delaying disclosure. (Id. at 2-4.) Finally, Basciano invites the court to address any concern about unwarranted dissemination of the material through an "appropriate protective order restricting dissemination." (Id. at 5.)

5

B. <u>Discussion</u>

"Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . [certain items], if the item is within the government's possession, custody, or control and (i) the item is material to preparing the defense; (ii) the Government intends to use the item as evidence in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Rule16(a)(1)(E); <u>see</u> <u>United States v. Vilar</u>, ---F. Supp. 2d---, 2008 WL 140958, at *17 (S.D.N.Y. 2008).

Basciano's argument here is that documents in the Government's possession related to the PCCF incident are material to preparing his defense. The "materiality standard [of Rule 16(a)(1)(E)] normally is not a heavy burden; rather, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." <u>United States v. Stein</u>, 488 F. Supp. 2d 350, 356 -357 (S.D.N.Y. 2007). "Evidence that the government does not intend to use in its case in chief is material if it could be used to counter the government's case or to bolster a defense." <u>Id.</u> at 357. Basciano bears the burden of making a *prima facie* showing that the evidence he seeks is "material." <u>United States v. Maniktala</u>, 934 F.2d 25, 28 (2d. Cir. 1991).

As an initial matter, because Basciano's motion is now a motion for discovery under Rule 16(a)(1)(E), it pertains only to the upcoming trial in 05-CR-060. As defense counsel are well aware, Rule 16 governs <u>pre-trial</u> discovery. <u>See</u> <u>Vilar</u>, ---F. Supp. 2d---, 2008 WL 140958, at *17 (Rule 16 "requires the Government to provide, prior to trial, three categories of documents in its possession . . ."); <u>United States v. Robertson</u>, 2008 WL 220283, at *2 (S.D.N.Y. 2008)

6

(noting that Rule 16(a)(1)(E) requires the pre-trial production of evidence material to preparing the defense of the case). To the extent Defendant is arguing that the Government violated its Rule 16 discovery obligations in the 03-CR-929 retrial, Defendant is free to make that argument in support of his motion for a new trial and is also free to raise his additional argument that "unfair consequences" resulted from the brief introduction of the incident at trial.

      As to the request for Rule 16(a)(1)(E) discovery as it relates to the upcoming trial in 05-CR-060, it is premature at such an early date for the court to determine whether the requested documents and objects are "material to preparing the defense" as required by Rule 16(a)(1)(E). Indeed, the "spirit" of Rule 16 is that the parties themselves accomplish discovery "without the need of motion or court order" if such resolution is possible. See United States v. Pineros, 532 F.2d 868, 871 (2d Cir. 1976). It is true that Rule 16(a)(1)(E) contains "no specific timing requirements," and that the parties are expected to comply with discovery requests pursuant to the rule "in a timely fashion." Advisory Committee Notes to 1993 Amendment to Fed. R. Crim. P. 16. However, the court declines to interpret this standard to require Rule 16(a)(1)(E) discovery more than six months prior to trial. Cf. United States v. Pirro, 76 F.Supp.2d 478, 488 (S.D.N.Y. 1999) (requiring the Government to provide information as required by Rule 16(a)(1)(E) no less than fifteen days prior to trial); see also, United States v. Lino, 2001 WL 8356, at *21 (S.D.N.Y. December 29, 2000) ("Given the scope of the indictment and the number of issues likely to be raised prior to the commencement of trial, this Court directs that the Government provide expert witness disclosure to defendants [pursuant to Rule 16] thirty days before trial."); United States v. Costen, 1996 WL 137483, at *2 (S.D.N.Y. Mar. 27, 1996) (expert summaries to be provided in compliance with Rule 16(a)(1)(E) no later than 15 days before trial).

Moreover, there is no indication that the Government will refuse to comply with Defendant's request in a timely fashion without the need for a court order, particularly given its willingness to produce the information in Basciano's previous trial.

The court does not believe, as Defendant suggests, that refusal to order Rule 16 discovery at this time will hamper the "effective administration of the criminal justice system" or that Defendant will be prejudiced by such refusal, notwithstanding the fact that the Government is seeking the death penalty. Cf. United States v. Smith, 502 F.3d 680, 689 (7th Cir. 2007) ("A Rule 16 violation prejudices a defendant only when he is unfairly surprised by the evidence and cannot adequately prepare his defense or when the violation has a substantial influence on the jury.") In any event, Defendant may renew his application for Rule 16 discovery closer to trial should he find it necessary to do so. The court expresses no opinion as to the merits of such a request.

**II.     February 6, 2008 Letter**

On February 6, 2008, Basciano submitted a letter to the court in reference to the court's Order dated February 4, 2008, (Docket Entry # 1041, 03-CR-929), which adjourned Basciano's sentencing date in 03-CR-929 and set a revised briefing schedule for post-trial motions in that case. In his letter, Basciano contends that he will be unable to file a "complete" post-trial motion until the court renders decision on four pending motions. He states that these motions are "fully joined" and contests the court's statement in the February 4, 2008 Order that they are not ready for decision. The court writes to correct for the record this misrepresentation of the status of these motions and to remind the parties of the discussion at the recent February 1, 2008 status conference.

First, Basciano references his request for disclosure of 18 U.S.C. § 3500 material and other material related to Thomas Lee, filed on January 14, 2008 (Docket Entry # 1020, 03-CR-929). Although he counts this motion among those "fully joined," he notes that the Government has not submitted any opposition to date, that the court did not set a deadline for it to do so, and that the Government has not followed through on its assurances that it will provide copies of 3500 material that was previously provided. (Feb. 6 Ltr. at 2.) In the court's view, a motion is not fully briefed and ready for decision when a party has indicated an intent to respond but has not yet done so. The absence of a firm response deadline does not alter this conclusion. Moreover, the parties indicated at the February 1, 2008 conference that the Government has allowed defense counsel to inspect and copy certain 3500 material related to Thomas Lee. To the extent that a dispute remains with regard to this issue, the court directs the Government to respond to this motion no later than Monday February 11, 2008. At that time, the motion will be ready for decision, and the court will render one in due course.

Second, Basciano references his application for a Fed. R. Crim. P. Rule 17(c) subpoena, filed on November 19, 2007[1] (Docket Entry # 997, 03-CR-929). As the discussion in Part I, *supra*, makes obvious, Basciano is correct that the motion is ready for decision. As the discussion should also make obvious, Basciano's own amendment of the motion on December 18, 2007 into a Rule 16(a)(1)(E) discovery request rendered it irrelevant to the 03-CR-929 retrial, at least insofar as obtaining discovery is concerned. As noted above, Basciano is free to contend in his motion for a new trial that the Government violated its discovery obligations in 03-CR-929

---

[1] As noted above, Basciano's initial request was filed by letter dated November 4, 2007. His first Memorandum in support of the request was filed on November 19, 2007.

with respect to this issue.

Third, Basciano argues that his motions for an evidentiary hearing and to compel discovery with regard to Cicale's misconduct at the MCC and the Government's knowledge of that misconduct are ready for decision. He notes that the initial motions were made on October 16, 2007 (Docket Entry # 922, 03-CR-929), that the government filed its opposition on November 21, 2007 (Docket Entry # 999, 03-CR-929), and that Defendant submitted his reply on November 28, 2007 (Docket Entry # 1003, 03-CR-929) that was then revised on January 16, 2008 (Docket Entry # 1021, 03-CR-929). While Basciano correctly notes that multiple filings have been submitted on this issue, a closer examination of the record reveals that the motions have not, in fact, been "fully joined."

At a December 20, 2007 conference before this court, the parties jointly requested time for Defendant to amend his November 21, 2007 submission with respect to these motions. (Transcript dated December 20, 2007 at 11-12.) The specific representation to the court was that, in light of affidavits that the Government had just disclosed to Defendant, Defendant "may need more time for supplements [to] our submission before the government replies" and the Government would need "sufficient time to respond." (Id. at 11.) The court instructed the parties to "[w]ork out a schedule." (Id. at 12.)

As noted, Defendant filed his revised Reply Memorandum on January 16, 2008. (Docket Entry # 1021, 03-CR-929.) On January 22, 2008, the Government requested, with Defendant's consent, "a three week adjournment to February 13, 2008 for filing its opposition to defendant Basciano's memorandum in support of his motion for an evidentiary hearing filed on January 16, 2008." (Docket Entry # 1027, 03-CR-929.) On January 24, 2008, the court adjourned "[a]ll

10

filing deadlines with respect to Defendant's pending post-trial motions that precede February 1, 2008" and stated that a new schedule would be determined at the February 1, 2008 conference. (January 24, 2008 Docket Entry, 03-CR-929.) As the December 20, 2007 transcript and the Government's request for an adjournment on consent make clear, the parties agreed that the Government would have additional opportunity to respond to Defendant's January 16, 2008 revised Memorandum. It is true that defense counsel has argued that they need decisions on these issues in order to brief the post-trial motion properly. This purported need does not, however, translate into fully briefed motions that are ready for decision by the court. Thus, Defendant's motions for an evidentiary hearing and to compel discovery are not "fully joined."

What is more, in a lengthy discussion at the February 1, 2008 conference regarding scheduling dates surrounding Basciano's post-trial motions, the parties indicated some "confusion" respecting which issues are addressed by the various filings. In an effort to clear up the confusion, the parties agreed to put "everything" into a single, final omnibus memorandum from each party incorporating all previous filings and arguments related to Basciano's motion for a new trial. (See February 1, 2008 Transcript at 17-21.)

To the extent that this agreement was not clear as to what this final filing should include, the court directs the following: all arguments with respect to Defendant's post-trial motion for a new trial, including Defendant's request for an evidentiary hearing and discovery related to the alleged misconduct involving Cicale, should be submitted in a single omnibus brief from each party filed with the court according to the schedule set forth in the February 4, 2008 Order. After reviewing these submissions, should the court deem an evidentiary hearing or specific discovery necessary in order to resolve Basciano's motion for a new trial, it will order the same.

### III. Conclusion

Basciano's request for an Order directing Rule 16 discovery related to the PCCF incident is DENIED at this time, without prejudice. To the extent that the parties have not resolved the issue among themselves, the Government is directed to respond to Basciano's motion to compel discovery related to Thomas Lee, filed January 14, 2008, no later than Monday February 11, 2008. The parties are directed to file final memoranda incorporating all previous arguments and filings regarding Basciano's post-trial motions and applications, including Basciano's request for discovery and an evidentiary hearing about the alleged misconduct involving Cicale, according to the schedule set forth in the court's February 4, 2008 Order. Defendant's February 6, 2008 request for a status conference is DENIED.

SO ORDERED.

Dated: February 8, 2008  
       Brooklyn, N.Y.

    s/ Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge